## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Roland R. Johnson et ux.

v.

W. H. H. Trice et al.

February 29, 1972

Case No. (Chancery) 15405

By JUDGE PHILIP L. RUSSO

Ida C. Johnson, one of the complainants, who is the wife of the other complainant, Roland R. Johnson, saw an advertisement in regard to the sale of certain real estate. The property was advertised as being approximately nine acres. They inquired into the matter and on May 18, 1971, they met a certain Betty Morrisette, a real estate agent for Goodman, Segar, Hogan at the site of the property. Mrs. Morrisette told the complainants that there were eleven acres of land but that only nine acres were high land and two acres were under water. She showed them a photocopy of a plat and this showed one area of high land to be 4½ acres, another area of high land to be 4½ acres and 2 acres under water. Mrs. Morrisette explained to them that the property had been advertised as approximately nine acres because of the tides and that there were nine acres of high land.

Also on May 18, 1971, Mr. and Mrs. Johnson went with Mrs. Morrisette to the office of Goodman, Segar, Hogan and Mrs. Morrisette began to draw the sales contract. She needed assistance with a release clause so she sought help from one of her colleagues at Goodman, Segar, Hogan, a certain Mr. Peterson. This gentleman asked Mrs. Morrisette how much land they were talking about and she replied

that there were nine acres of high land and two acres under water. A contract was signed by the parties by which the complainants agreed to buy and the respondents, W. H. H. Trice and Ethel M. Trice, agreed to sell for the sum of $90,000.00. Subsequently, an addendum to contract was signed by the parties. The addendum reads in part as follows: "Seller agrees to release such parcels or lots for the purpose of sale by the buyer subject to payment of 125.% per acre based on $10,000.00 per acre."

On June 1, 1971, the complainants, their attorney, Norman Strauss, Mrs. Morrisette, one of the respondents, W. H. H. Trice, and the attorney for the Trices, Richard Ruffin, met at Mr. Ruffin's office for settlement. During the closing Mr. Ruffin was in and out of the office and at one point Mr. Ruffin said something to the effect that he thought there were 5 acres of land and this caused Mr. Strauss to question one of the complainants, Roland R. Johnson, as to whether or not he had computed the acreage. He stated that he had not. Mr. Johnson and Mr. Strauss as well as Mrs. Morrisette, told Mr. Ruffin that they were all under the impression that there was more land than five acres. Mr. Trice pointed to a copy of the plat showing one part as $4\frac{1}{2}$ acres, another part as $4\frac{1}{2}$ acres and two acres under water. Mrs. Morrisette, at that time, also reconfirmed that there were nine acres of high land and two acres under water.

The deed of trust which the complainants executed contains the following wording on page two:

> Upon subdivision of the subject property, parcels or lots will be released upon payment to the note holder of 125.% per acre based upon $10,000.00 sale price per acre. No settlement for the sale of any subdivided lot shall be made prior to January 1, 1972.

Not very long after settlement the complainants had the property surveyed and learned for the first time that there are 3.8 acres of land above water and that all of the land, whether above or below water, totalled 7.381 acres.

The complainants offered to rescind the transaction and reconvey the land to the respondents, W. H. H. Trice

and Ethel M. Trice but the respondents refused to do so. The complainants are, therefore, asking the court for rescission and that the parties be restored to their original status prior to the execution of the contract and the closing of the transaction.

There is no doubt that W. H. H. Trice, Ethel M. Trice, Betty Morrisette, Roland R. Johnson and Ida C. Johnson all thought that there were 9 acres of high land. Everyone who had anything to do with the matter, with the possible exception of Richard W. Ruffin, thought there were nine acres. In passing, Mr. Ruffin said something about there being five acres. After he made this statement, however, the complainants and their attorney were assured by Mrs. Morrisette and Mr. Trice that there were nine acres.

There is no doubt that the property was advertised for sale as being nine acres. There is no doubt that the sellers furnished the real estate agent, Betty Morrisette with a copy of a plat showing nine acres of high land and two acres under water. There is no doubt that Mrs. Morrisette furnished the buyers, the Johnsons, with a copy of said plat. There is no doubt that the sellers thought they were selling and the buyers thought they were buying nine acres of high land. There is further, no doubt that there is only 3.8 acres of high land a total of 7.381 acres including the land under water. There is certainly no doubt that the difference between nine acres of high land and 3.8 acres is a material difference.

The court is of the opinion that the following proposition of law, as set forth in the case of *Mears v. Accomac Banking Co.*, 160 Va. 311 (1933), is appropriate and controlling insofar as the facts of the instant case are concerned. The court stated:

> The law is well settled that if one represents as true what is really false, in such a way as to induce a reasonable man to believe it, and the representation is made, believing it to be true, acts on it, and in consequence thereof sustains damage, there is such fraud as will support an action for deceit at law, or a bill for rescission of the transaction in equity. Whether the representation is made

innocently or knowingly, if acted on, the effect is the same. In the one case the fraud is constructive; in the other it is actual.

If you study the proposition of law laid down in the *Mears* case (*supra*), you will readily see that the facts in the instant case fulfill every element of that proposition.

Counsel for the respondents argued, and very well, that the complainant, Roland R. Johnson, is a Naval Officer, a graduate of the U.S. Naval Academy and a person possessed of enough intelligence to have been able to make the calculations necessary to have discovered the error. The court agrees with all of these propositions but in light of the facts in this case, the said Roland R. Johnson, in spite of his intelligence and educational background certainly acted as a reasonable man in relying upon the verbal representations, the written representations and the documentation by way of a plat.

We must also consider that the sellers, the Trices, are people of intelligence who have owned this property for years and until it was brought to their attention after the closing by the Johnsons that there were only 3.8 acres of high land, they had always believed there were nine acres. We must further consider that for certain reasons, this transaction was closed only six business days after the contract was signed. We must also consider that the property was advertised for sale as being nine acres; the real estate agent represented it to be nine acres; the plat furnished to the real estate agent by the sellers and in turn was given to the buyers showed it to be nine acres of high land; the release clause on the second page of the deed of trust, as well as the addendum to the contract, would certainly lead any reasonable person to believe that there were nine acres and finally when one person who did not presume to know for sure, said, in passing, that there were five acres, the real estate agent and one of the sellers immediately pointed to the plat to emphasize that there were nine acres.

The court is of the opinion that the complainants are entitled to have this transaction rescinded and that the contract of sale, the deed of bargain and sale, the note secured by the deed of trust, and the deed of trust

itself should all be declared null and void and that the $20,000.00 in cash paid by the buyers should be refunded to them. However, the following assessments should be made against the various parties:

(A). The Trices. (Sellers)
    (1). Real estate taxes paid by the buyers or assessed in their names.
    (2). One half of surveyor's bill, $400.00.
    (3). Cost of new pump, $75.00.

(B). The Johnsons. (Buyers)
    (1). One half of the surveyor's bill, $400.00.
    (2). Rent paid to them while in possession of the premises.

It appears to the court that all of the assessed items are self explanatory with the exception of the surveyor's bill. The court feels that since this was a mutual mistake of fact as contrasted with actual fraud, that equity dictates that the parties share this particular expense. The Trices have benefited to the extent that they now know the true acreage and the Johnsons used this survey in proving their case in court. They learned of the mistake by means of the survey and made use of it at the trial.